UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE HARRIS, | ) | CASE NO.  1:11-CV-1290 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE MCHARGH |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION & ORDER** |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | | |

This case is before the Magistrate Judge pursuant to the consent of the parties.  (Doc. 13). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Connie Harris' applications for Disabled Widow's benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

I.  INTRODUCTION & PROCEDURAL HISTORY

On September 14, 2007, Plaintiff Connie Harris ("Plaintiff" or "Harris") applied for Supplemental Security Income benefits alleging she became disabled on September 11, 2007, due to problems with her legs and back, high blood pressure and arthritis.  (Tr. 50, 97).  Plaintiff applied for Disabled Widow's benefits on April 2, 2009.  (Tr. 12).  Plaintiff's applications were denied initially and upon reconsideration.  (Tr. 57-59, 63-65).  Thereafter, Plaintiff requested a hearing before an administrative law judge to contest the denial of her applications.  (Tr. 68-69). The Social Security Administration granted Plaintiff's request and scheduled a hearing.  (Tr. 71-72, 77).

On November 16, 2009, Administrative Law Judge Peter Beekman (the "ALJ") convened a hearing to evaluate Plaintiff's applications. (Tr. 24-49). Plaintiff appeared at the proceeding with counsel and testified before the ALJ. (*Id.*). Vocational expert, Mr. Bruce Holdereed (the "VE"), and medical expert, Dr. Herschel Goren, also appeared and testified at the hearing. (*Id.*). On December 2, 2009, the ALJ issued an unfavorable decision denying Plaintiff's applications for benefits. (Tr. 12-19). Following this ruling, Harris requested review of the ALJ's decision from the Appeals Council. (Tr. 8). However, the council denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 3-5). Plaintiff now seeks judicial review of the Commissioner's decision. Judicial review is proper pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

## II. ALJ's RULING

As a preliminary matter, the ALJ ruled Harris satisfied the requirements for disabled widow's benefits outlined in 42 U.S.C. § 402(e) because she was the widow of a deceased insured worker and had attained age 50. (Tr. 14). With regard to these benefits, the ALJ noted Plaintiff's prescribed period began on December 31, 2002. (*Id.*). Therefore, to receive benefits Harris had to establish she became disabled on or before December 31, 2009. (*Id.*).

The ALJ made the following relevant findings of fact and conclusions of law in his application of the five-step sequential analysis.[1] At step one, the ALJ determined Harris had not

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability". *See* 20 C.F.R. § 416.920(a). The Sixth Circuit has summarized the five steps as follows:

> (1)  If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

engaged in substantial gainful activity since her alleged onset date of September 11, 2007. (*Id*.). At step two, it was determined Harris suffered from the following severe impairments: lumbar degenerative disc disease, degenerative disc disease of the knees and bilateral carpal tunnel syndrome. (*Id*.). But, at step three, the ALJ ruled none of these impairments, individually or combined, met or equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). Before moving to the next step, the ALJ assessed Plaintiff's residual functional capacity ("RFC") to work. (Tr. 15-19). The ALJ concluded Harris retained the ability to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 15). Of the restrictions the ALJ placed on Plaintiff's ability to work, the ALJ noted Plaintiff could not sit for more than six hours each workday and would need to be able to stand and/or walk at will throughout the day. (*Id*.). Because Plaintiff retained the skills to perform light work within the parameters set forth, at step four, the ALJ held Harris could return to her past relevant work as a sales person. (Tr. 19). Accordingly, the ALJ ruled Harris was not disabled. (*Id*.).

---

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

### III.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)*.*  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*. Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)*.*  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387*.*  However, it may examine all the evidence

in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

Plaintiff originally attacked the ALJ's ruling on three grounds. Harris challenged the ALJ's reliance on the VE's testimony in rendering his ruling at step four, accused the ALJ of failing to consider her obesity and mental impairment, and contended the ALJ did not adhere to the treating physician rule while evaluating the opinions of her treating physicians. However, in Plaintiff's Reply Brief, she clarified that she mainly contested the ALJ's error at step four because it caused the ALJ to reach the wrong outcome. Therefore, the Court's review will focus on this portion of the ALJ's decision.

Step four of the five-step analysis asks the ALJ to conduct a "comparison of the physical demands of the claimant's past relevant work with [her] present mental and physical capacity." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (internal quotations omitted) (*citing Veal v. Bowen*, 833 F.2d 693, 697 (7th Cir. 1987)). At this stage of the process, the claimant bears the burden to prove that she cannot return to her past work. *Id.* The governing regulations *permit*, but do not require, an ALJ to use the services of a vocational expert to determine whether a claimant can return to her past relevant work. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010); 20 C.F.R. § 404.1560(b)(2).

In the instant case, the ALJ employed the services of a vocational expert in order to determine whether Harris could return to her past relevant work. The ALJ posed a question to the VE describing a hypothetical person of Plaintiff's age and educational level, with the same RFC as the ALJ determined Harris to possess. (Tr. 44-45). In response, the VE testified that

5

such a person would be able to perform Plaintiff's past relevant work as a sales person. (Tr. 45). Accordingly, at step four, the ALJ concluded Harris could return to her job as a sales person as the position was generally performed in the national economy. (Tr. 19). Plaintiff has asserted a number of challenges to the ALJ's reliance upon the VE's testimony.

To begin, Harris contends the VE's testimony was unreliable because the VE improperly categorized her prior relevant work. During the hearing, the following exchange occurred between the ALJ and the VE:

> Q: Mr. Holdereed, would you be so kind as to describe Ms. Harris' past relevant work?
>
> A: The only job she had that would be at SGA would be the job that was described earlier doing the sales clerk in the uniform industry. There's not a specific position for that in the DOT. The only one for that would be like a sales representative that goes out and drums up business. But for the work that she did in the retail level, for the DOT that would be a sales person, general merchandise. . . . The claimant indicated in Exhibit 1E that she performed the job at the median exertional level.

(Tr. 43-44). Harris contends the VE wrongly interpreted Plaintiff's past relevant work by implying Plaintiff performed two different jobs – one as a sales clerk in the uniform industry and another as a sales person at the retail level. Instead, Plaintiff argues these two tasks were separate components of *one* job, not two different jobs. Plaintiff claims the VE's reference to Exhibit 1E illustrates his error. The exhibit is a form Harris completed in relation to her applications listing information about her work history. (Tr. 97-98). In it, she lists only one prior job – that of a sales person in the uniform industry. (Tr. 97). Harris indicated the job entailed selling clothing items, providing customer service and packaging; it also required her to lift or carry 25 pounds frequently. (*Id.*). Accordingly, Plaintiff argues it was error for the ALJ to

6

rely upon the VE's testimony when the VE erroneously characterized Plaintiff's past work history.

Although Plaintiff's argument is compelling, it does not warrant remand or reversal. Plaintiff's failure to raise this issue during the hearing precludes her from now asserting it as a basis for relief. *See West v. Comm'r of Soc. Sec.*, No. 2:11-CV-448, 2012 WL 3151209, at * 6 (S.D.Ohio Aug. 2, 2012). The Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court. *Id*.; *Hammond v. Chater,* 116 F.3d 1480 (6th Cir. 1997) (Table) (finding the plaintiff's failure to raise objections to the VE's testimony waived the argument on appeal); *Dantzer v. Comm'r of Soc. Sec.*, No. 3:09-CV-2198, 2011 WL 1113458, at *13 (N.D.Ohio Jan. 4, 2011) (*R&R adopted* 2011 WL 1113446) ("Failure to challenge the basis of the VE's testimony at the administrative hearing constitutes a waiver of the issue in the district court."); *Bechtold v. Massanari*, 152 F.Supp.2d 1340, 1347 (M.D.Fla. 2001) ("[W]hen squarely presented with an opportunity to object to the characterization by the administrative law judge of the nature of her past relevant employment, [the claimaint] failed to do so. Such failure constitutes a waiver of her right to raise the argument before this Court at this time."). The court's ruling in *Bechtold* is particularly instructive because the claimant in that case made an argument nearly identical to Plaintiff's. Bechtold argued, *inter alia*, that the vocational expert present at her hearing improperly divided her past work as a file clerk into two separate jobs: that of a file clerk and that of a telephone clerk. *Bechtold,* 152 F.Supp.2d at 1344. Although the court agreed, and ruled the administrative law judge erred by relying on the expert's testimony, it

found Bechtold had waived her right to raise the argument to the district court because she did not present it during the administrative hearing. *Id.* at 1346-50.

The same is true for Harris. Plaintiff was represented by counsel during the hearing. During counsel's cross-examination of the VE, Plaintiff never challenged the VE's characterization of Plaintiff's past work or otherwise alerted the ALJ or the VE that there was a possible conflict between the VE's testimony and the evidence of record. While Plaintiff presented a series of hypothetical questions to the VE describing variations of the limitations she claimed to suffer, counsel did not inquire into the VE's description of Plaintiff's past work. Neither did counsel mention the VE's characterization of Plaintiff's prior work during closing statements made to the ALJ. Consequently, Plaintiff may not now complain because the ALJ relied upon the VE's description of Plaintiff's past work when Plaintiff failed to raise this issue during the hearing. *Cf. McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (finding plaintiff could not complain about substance of vocational expert's testimony when counsel failed to cross examine the expert on the matter during the administrative hearing).

Next, Harris contends the VE's testimony did not provide substantial support for the ALJ's ruling because it conflicted with information contained in the Dictionary of Occupational Titles ("DOT"). Harris notes the ALJ failed to question the VE whether his testimony was consistent with the information provided in the DOT as required by Social Security Ruling 00-4p. The VE testified that a hypothetical person with Plaintiff's RFC, including the need to stand and walk at will, would be able to perform Plaintiff's former job as a sales person. Plaintiff contends this testimony is inconsistent with the DOT because the job description of a sales person provided in the DOT—DICOT 279.357-054—does not state the position allows for such an accommodation.

Pursuant to Social Security Ruling 00-4p, before relying upon testimony elicited from a vocational expert, an ALJ must inquire, on the record, whether the testimony conflicts with information listed in the DOT. SSR 00-4p. If a conflict exists, the ALJ must seek a reasonable explanation for the conflict from the VE and explain the resolution of the conflict in the ALJ's written decision. *Id*. In the instant case, the ALJ never asked the VE whether his testimony was consistent with the DOT. This failure would clearly violate Social Security Ruling 00-4p. However, the error is harmless because the VE's testimony did not actually conflict with the information provided in the DOT.

District courts within this circuit have repeatedly held that "while the DOT does not explicitly refer to sit/stand options, a vocational expert's opinion regarding such options are not contradictory to the DOT." *Creque v. Astrue*, No: 4:10-CV-1528, 2011 WL 4054859, at *5 (N.D.Ohio Aug. 18, 2011) (*R&R adopted*, 2011 WL 4043786); *accord Jones v. Soc. Sec. Admin.*, No. 3:09-0951, 2011 WL 766974, at *8 (M.D.Tenn. Feb. 25, 2011) ("no conflict between the testimony of the expert and the DOT is created by the mere imposition of a sit/stand option, such that would require resolution by the ALJ in order to pass muster"); *Bennett v. Astrue*, No. 5:07-CV38-J, 2008 WL 345523, at *6 (W.D.Ky. Feb. 7, 2008) (the ALJ "was acknowledging only the fact that the DOT does not address sit-stand options but rather directs the decisionmaker to obtain VE testimony. Hence, there was no genuine conflict or inconsistency."); *Walton v. Comm'r of Soc. Sec.*, No. 08-13273, 2009 WL 2905952, at *9 (E.D.Mich. Sept. 8, 2009) ("[B]y testifying as to the frequency of jobs providing a sit/stand option, it appears as though the VE was supplementing information in the DOT, and not providing conflicting information.").

In light of this case law, the undersigned finds the VE's testimony, indicating that a sales person position would allow the individual to walk and stand at will, was not contradictory to the

9

DOT.[2]  Therefore, because the VE's testimony did not conflict with the DOT, the ALJ's failure to question the VE about whether any such conflicts existed as required by Social Security Ruling 00-4p was harmless.  *Renfro v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) ("In sum, the ALJ's error in failing to ask the vocational expert about possible conflicts between his testimony and the *Dictionary of Occupational Titles* was harmless, since no such conflict appears to exist.") (emphasis in original); *Stine v. Comm'r of Soc. Sec.*, No. 07-12301, 2008 WL 1837357, at *4 (E.D.Mich. Apr. 23, 2008); *Stull v. Astrue*, No. 3:10-CV-00693, 2011 WL 830633, at *7-9 (N.D.Ohio Jan. 18, 2011).

Finally, Plaintiff asserted a number of arguments challenging the VE's testimony for various reasons, all of which the Court rejects.  Harris presented arguments suggesting ways the ALJ could have or should have further delved into the VE's testimony to explain how Harris would have been able to complete her prior position given her limitations.  Yet, the Sixth Circuit has explicitly found that an ALJ has no duty to interrogate a vocational expert about testimony provided and that "[n]othing in S.S.R. 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (*quoting Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)).

---

[2] The Court notes the ALJ described Plaintiff as having the need to "stand and/or walk at will" throughout the workday.  (Tr. 15).  Presumably, the ALJ intended this limitation to be the same as the typical "sit/stand at will" accommodation generally noted within the Social Security context.  The ALJ did not offer further clarification of this phrasing, nor did the VE or Plaintiff question the ALJ about the same.  As a result, any challenge by Plaintiff would be deemed waived.  *See West*, 2012 WL 3151209, at *6.  Nevertheless, even assuming the ALJ intended that Harris be permitted to alternate between *standing and walking* (versus sitting and standing), the prevailing case law still supports finding that the VE's testimony regarding such a limitation would not conflict with the DOT.

Plaintiff next implied that the VE's responses to the hypothetical questions she presented somehow undermined the answers he provided in response to the ALJ's hypothetical questions. For example, Harris posed a question to the VE describing an individual who required the use of a cane when ambulating. In response, the VE indicated such a person would not be able to perform Plaintiff's past work. Plaintiff argues this testimony proves she could not work as a sales person. But, this testimony does not necessitate remand. The ALJ did not incorporate Plaintiff's use of a cane into his RFC assessment. The ALJ acknowledged the existence of a treatment record referring to Plaintiff's use of a cane, (Tr. 279), but the ALJ noted Plaintiff was later administered steroid injections which led to significant improvements in her condition. Therefore, there is support in the record for the ALJ's decision to omit the use of a cane from Plaintiff's RFC. Plaintiff did not present any evidence demonstrating the ALJ's RFC assessment was erroneous. Because the ALJ's step four ruling was based upon testimony elicited in response to a hypothetical question accurately portraying Plaintiff's RFC, there is no basis to disturb the ALJ's decision. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff's objections to the ALJ's consideration of her obesity, mental impairment and the opinions of her treating physicians do not require much discussion. To the extent that such arguments have not been abandoned by Plaintiff, they are rejected by the Court. Arguments made in a perfunctory manner, without any effort to explain the basis for such or any supporting proof can be deemed waived. *See Indeck Energy Servs. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000); *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003). Here, Harris failed to explain how her obesity or alleged mental impairment affected her ability to work. This failure is detrimental given Harris did not raise either issue during the hearing.

Accordingly, this argument is deemed waived, and even if considered, rejected. Likewise, Plaintiff's objections to the ALJ's consideration of the medical opinions offered by her treating physicians are unavailing. Plaintiff did not identify any finding made by either doctor which would have necessitated the ALJ to impose greater restrictions than those identified in the RFC assessment. Thus, Harris has not shown how reversal or remand is necessary for further evaluation of these opinions.

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the Court AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  September 24, 2012.